UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFREY GLENN,

                      Plaintiff,          **COMPLAINT**
                                            **AND  JURY DEMAND**

    -against-

THE CITY OF NEW YORK, Detective ROBERT
HINES Shield No. 5991, Undercover Police Officer
No. 00230, Police Officer JOHN DOE ONE through
TEN in their individual and official capacities
as employees of the City of New York,

        Defendants.
------------------------------------------------------------X

       The Plaintiff, JEFFREY GLENN, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

       1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution, against the police officers mentioned above in their individual capacities, and against the City of New York.

       2.    It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

5. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

6. Plaintiff JEFFREY GLENN ("plaintiff" or "Mr. Glenn") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Detective Robert Hines, Shield No. 5991 ("Hines"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hines is sued in his individual and official capacities.

9. Defendant Detective Hines at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

10. Defendant Undercover Police Officer No. 00230, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Armani is sued in his individual and official capacities.

11. Defendant Undercover Police Officer No. 00230 at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

12. At all times relevant defendants John Doe One through Ten were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One through Ten.

13. At all times relevant herein, defendants John Doe One through Ten were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe One through Ten are sued in their individual and official capacities.

14. At all times relevant herein, defendants John Doe One through Ten either directly participated or failed to intervene in the violation of plaintiff's rights.

15. At all times relevant herein, all individual defendants were acting under color of state law.

16. The City was at all material times the public employer of defendant officers named herein.

**FACTUAL ALLEGATIONS**

17. Plaintiff is an African-American male.

18. On or about June 11, 2014, at approximately 7:45 pm, plaintiff was visiting his relative residing at 180 Powell Street on the 7th Floor in Brooklyn when several police officers entered the apartment.

19. Defendant police officer JOHN DOE ONE asked plaintiff to step outside the apartment. Plaintiff complied.

20. Defendant Detective Hynes, Police Officer JOHN DOE ONE through TEN ransacked the apartment and did not find any contraband or weapons.

21. Thereafter defendant Undercover Police Officer 00230 claimed that plaintiff participated in a drug sale with him and another unapprehended individual.

22. At no point did the Defendants observe Plaintiff committing any crimes or offenses.

23. No drugs were recovered from plaintiff.

24. No pre-recorded buy money were recovered from plaintiff.

25. Plaintiff was handcuffed and taken to a police precinct.

26. At the precinct, the Defendants falsely informed members of the Kings County District Attorney's Office that they had observed Plaintiff committing various crimes.

27. Ultimately, Plaintiff was taken from the precinct to Brooklyn

Central Booking.

28. The assigned prosecutor thereafter incorporated Detective Hynes's false accusations against Plaintiff in the complaint, which Hynes signed.

29. All charges against Plaintiff were false.

30. On or about December 19, 2014, all charges against Plaintiff were dismissed and sealed.

31. As a result of the Defendants' actions, Plaintiff suffered loss of liberty, loss of reputation, mental and emotional harm of a permanent nature and other damages

32. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

33. All of the above was done in violation of federal law.

34. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

    i. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

    ii. Loss of his physical liberty;

35.     The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

　　i. Freedom from the unreasonable seizure of his person;

## FIRST CLAIM
## 42 U.S.C. § 1983

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

38.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## False Arrest

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

44. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

45. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

46.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.     The individual defendants created false evidence against Plaintiff.

48.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

49.     In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

50.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

51.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.     The individual defendants issued legal process to place Plaintiff under arrest.

53.     The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful search and ransacking of the apartment.

54. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## Failure To Intervene

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
## *Monell*

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

9

62. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

63. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

64. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

65. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

66. These policies, practices, and customs were the moving force behind plaintiff's injuries.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: July 1, 2016

Brooklyn, New York

*Amy Rameau*
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO: All Defendants
Corporation Counsel of the City of New York

11